# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **2nd** *day of* **June, 2009**.

In Re: Jon I. Davey, Esquire.[*]

Record No. 0942-09-3

Before Chief Judge Felton, Judges Frank and Petty

On May 5, 2009, Jon I. Davey, Esquire ("Davey") appeared in this Court pursuant to an order to show cause why he should not be held in contempt of Court. For the following reasons, the Court finds him in summary contempt of Court and sanctions him accordingly.

On March 5, 2009, the clerk of this Court notified Davey that the case of Willie Hampton Moss v. Commonwealth of Virginia, Record No. 0589-08-3, in which he was counsel for the appellant, was scheduled to be argued before a panel of judges of this Court in the Roanoke County Circuit Courthouse in Salem, Virginia, on Tuesday, April 7, 2009 at 10:00 a.m. The clerk of this Court also notified Davey that the case of Ronnie Lee Warner, Jr. v. Commonwealth of Virginia, Record No. 1144-08-3, in which he was counsel for the appellant, was scheduled to be argued before a panel of judges of this Court at 11:00 a.m. on that same date and at that same location.

However, Davey was not present when the Court called each case for argument, nor when the docket was concluded.

Following Davey's failure to appear, the clerk of this Court, at the Court's direction, notified Davey that he was to file a letter with the Court concerning his failure to appear.

On April 10, 2009, Davey filed a letter with this Court regarding that failure. The letter indicated that Davey "anticipated arguing via phone" and that "the notification [of oral argument] was never transferred to [his] calendar."

---

[*] The show-cause orders at issue in this matter were brought in the cases of Willie Hampton Moss v. Commonwealth of Virginia, Record No. 0589-08-3, and Ronnie Lee Warner, Jr. v. Commonwealth of Virginia, Record No. 1144-08-3.

After receiving Davey's letter, the Court issued an order in each case, requiring him to appear in person at the Court's courtroom in Richmond, Virginia, on May 5, 2009, to show cause why he should not be held in contempt for his failure to appear at argument for each of the cases.

On May 5, 2009, Davey appeared before a three-judge panel of the Court in Richmond. He acknowledged receiving the Court's notification of oral argument in the two cases, but indicated that he failed to place the information regarding the hearings on his calendar. He represented to the Court that he was unable to show good cause for his failure to appear. Davey further confirmed that he has received two public reprimands and one public admonition from the Virginia State Bar for misconduct involving his failure to act with reasonable diligence and promptness in representing a client, in violation of Rule 1.3 of the Rules of Professional Conduct. Each of these sanctions, imposed in 2004, 2006 and 2008, involved Davey's failure to perfect and prosecute appeals before the Supreme Court of Virginia and this Court. In the public reprimand issued on May 6, 2008 the Bar required Davey to "create and implement a docket control system to ensure that [he] periodically tracks and reviews the status of all pending matters as an advance reminder of key deadlines and other obligations so as to avoid [missed deadlines]."

In light of Davey's failure to appear and his continued failure to exercise diligence in representing his clients before this Court, the Court finds that Davey is in contempt of this Court. As punishment for his contemptuous conduct, Davey shall pay a fine in the amount of $250.00 for each failure to appear.

Davey is further prohibited from representing clients before this Court for a period of two years from the date of this order. In Re: Mosley, 273 Va. 688, 643 S.E.2d 190 (2007). After two years, Davey may petition for reinstatement to practice before the Court of Appeals of Virginia. Any petition must include evidence, satisfactory to this Court, that he is in good standing with the Virginia State Bar, and that he has completed continuing legal education courses in the areas of professionalism, appellate practice, case scheduling, time management and other matters dealing with client relations, sufficient, in

the judgment of this Court, to address the problems identified herein. The petition must also contain a certification from the Virginia State Bar that Davey is in compliance with the terms of the public reprimand served upon him on May 6, 2008.

This order shall be published and a copy shall be provided to theVirginia State Bar.

A Copy,

Teste:

*original order signed by the Clerk of the Court of Appeals of Virginia at the direction of the Court*

Clerk